UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61022-CIV-COHN/SELTZER

MIGUEL CALDERON,

    Plaintiff,

vs.

REEDEREI CLAUS-PETER OFFEN GmbH & Co.,
and ABC MANNING COMPANY,

    Defendants.

_____/

ORDER ON MOTION TO COMPEL BETTER INTERROGATORY ANSWERS

THIS CAUSE is before the Court on Defendant Reederei Claus-Peter Offen GmbH & Co's Motion to Compel Against Plaintiff Regarding Betters Answers to Interrogatories and Overruling Objections (DE 32), Plaintiff's Memorandum in Opposition (DE 42), and Defendant's Reply (DE 45).  The Court being sufficiently advised, it is hereby ORDERED that Plaintiff's objections to Defendant's Interrogatories are OVERRULED and that Defendant's Motion is GRANTED as more fully set forth below.

On March 19, 2008, Defendant Reederei Claus-Peter Offen GmbH & Co. served Plaintiff Miguel Calderon with 24 Interrogatories.  After obtaining from Defendant's counsel an extension of time to answer the Interrogatories, Plaintiff timely responded on May 20, 2008.  However, Plaintiff objected to virtually every interrogatory on the following grounds: (1) the interrogatories exceed the number permitted under the "Fla. R. Civ. Pro.[1] and local

---

[1] This action is governed by the Federal Rules of Civil Procedure, not the Florida Rules of Civil Procedure.

rules"; (2) the interrogatory is "overly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence"; (3) the interrogatory seeks information protected by the attorney-client and/or work product privileges; (4) Plaintiff is "not fluent in English and a qualified, official translator was not used in providing the answers." Notwithstanding these objections, Plaintiff did provide some answer to most of the interrogatories. On August 6, 2008, Defendant filed the instant motion,[2] requesting that the Court overrule Plaintiff's objections and require Plaintiff to provide better answers to Interrogatories Nos. 2, 3, 7-14, 17-19, and 22-23.

Plaintiff first argues that the number of interrogatories propounded by Defendant exceeds those permitted without leave of court. Both Federal Rule of Civil Procedure 33(1) and Local Rule 26.1.G.1 permit a party to serve on any other party 25 interrogatories (without leave of court), including all discrete subparts. Neither of these Rules, however, define "discrete subparts." "Resolving questions of whether a subpart to an interrogatory is 'discrete' under Rule 33 such that it should be counted separately can be a difficult task and 'courts considering this question have applied various tests.'" Oliver v. City of

---

[2] Local Rule 26.1.H.1 requires that discovery motions, including a motion to compel, be filed "within thirty days of the occurrence of grounds for the motion. Failure to file [a] discovery motion within thirty days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought." S.D. Fla. L. R. 26.1.H.1 (emphasis added). Here, Defendant filed the instant motion 78 days after receiving Plaintiff's responses to the interrogatories. Defendant's counsel attempts to explain the late filing by stating that he "has been going back and forth with the Plaintiff to resolve the instant discovery issues, but the efforts have been unsuccessful." Motion at 25 (DE 32). The Court seriously questions whether it would take as long as 78 days to determine whether the matters at issue could be resolved without court intervention. Indeed, Plaintiff states that the only matter raised by Defendant's counsel in that 78 days concerned the inadequacy of Plaintiff's description of the subject accident. Nonetheless, to facilitate discovery in this action, the Court will rule on the merits of the motion.

Orlando, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007) (quoting Williams v. Taser Int'l, Inc., No. 106-cv-51-RWS, 2007 WL 1630875, at *2 (N.D. Ga. June 4, 2007)).  "District courts in the Eleventh Circuit, like most district courts in other circuits, have adopted and applied 'the "related question" test to determine whether the subparts are discrete, asking whether the particular subparts are "logically or factually subsumed within and necessarily related to the primary question."'" The Mitchell Company, Inc. v. Campus, No. CA 07-0177-KD-C, 2008 WL 2468564, at *14 (S.D. Ala. June 16, 2008) (quoting Forum Architects, LLC v. Candella, No. 1:07CV190-SPM/AK, 2008 WL 217119, at *1 (N.D. Fla. Jan. 23, 2008)); see also Powell v. The Home Depot USA, Inc., No. 07-80435-Civ, 2008 WL 2473748, at *2  (S.D. Fla. June 16, 2008) (Hopkins, M.J.) ("Courts within the jurisdiction of the Eleventh Circuit have recently followed what is known as the 'related question test' to determine whether a subpart in an interrogatory should be considered discrete.").  "If the subparts are subsumed and necessarily related to the primary question, then the subpart is not 'discrete' within the meaning of Rule 33." Oliver, 2007 WL 3232227, at *2. By way of example, the following types of interrogatories have been deemed to be not discrete and, hence, constitute one interrogatory: (1) questions about persons with knowledge and the subject area of their knowledge; (2) questions about prior lawsuits, the nature of the cause of action, the parties, the court in which the lawsuit was filed, and the dates filed; (3) questions about witness statements, by and to whom made, when made, and the substance and context of the statements; (4) questions about persons with documentary evidence in their possession, custody, and control, what documents they have, the location of the documents, and when the documents were

prepared; (5) questions about expert witnesses, their addresses, qualifications, subject matter of their testimony, and grounds for their opinions; (6) questions about damages, when the damages occurred, to whom expenses were paid; and (6) questions about lost income, benefits, or earning capacity, the nature of each loss, and how the loss was computed. See Powell, 2008 WL 2473748, at *2; Forum Architects, 2008 WL 217119, at *1-3; see also Fed. R. Civ. P. 33, 1993 Advisory Committee Notes (stating that an interrogatory should be treated as a single question "even though it requests that the time, place, persons present, and contents be stated separately for each such communication."). The Court has examined each of the interrogatories propounded and finds that the subparts are logically related to the information sought in the primary question; hence, each should be counted as a single interrogatory. Accordingly, the total number of interrogatories (24) are within the permissible number.

Plaintiff has also summarily objected to the interrogatories as overly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. As the Court has previously stated in a prior order herein, such generic, boilerplate objections are not sufficient. Rather, a party resisting discovery must make some showing as to how each discovery request is not relevant and/or is overly broad or unduly burdensome. See Land v. United Telephone Southeast, Inc., No. 95-MC-220-KHV, 1995 WL 128500, at *5 (D. Kan. 1995) ("An objection must show specifically how a [request] is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden.") (quoting Chubb Integrated Sys. Ltd. v. National Bank, 103 F.R.D. 52, 59-60 (D.D.C. 1984)); Saye v. Old Hill Partners, Inc., No.

4

3:03CV1071(DJS), 2004 WL 1944024, at *2 -3 (D. Conn. Aug. 31, 2004). Plaintiff has failed to make such a showing. Moreover, the Court finds that the information sought by the interrogatories is relevant or may lead to the discovery of admissible evidence and that none of the interrogatories are overly broad or unduly burdensome.

Defendant next objects to many of the interrogatories on the basis of attorney-client and/or work product privilege. The burden of demonstrating the existence of the attorney-client privilege rests on the party asserting the privilege. Bogle v. McClure, 332 F.3d 1347, 1358 (11th Cir. 2003). To invoke the privilege, the party claiming the privilege must establish the following:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (I) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

United States v. Noriega, 917 F.2d 1543, 1551 (11th Cir. 1990). In this Circuit, a communication between an attorney and a client is protected only if it is "intended to remain confidential" and "under the circumstances was reasonably expected and understood to be confidential." Id. (quoting United States v. Bell, 776 F.2d 965, 971 (11th Cir.1985)). The privilege, however, protects only the disclosure of confidential communications; it does not protect the disclosure of the underlying facts. Upjohn Co. v. United States, 449 U.S. 383, 395 (1981).

5

The work product doctrine, first articulated in Hickman v. Taylor, 329 U.S. 495 (1947), has been codified in Federal Rule of Civil Procedure 26(b)(3). The Rule recognizes two types of work product -- fact work product, which protects information gathered in anticipation of litigation, and opinion work product, which consists of the attorney's mental impressions, opinions, or legal theories. Fact work product is subject to discovery "only upon a showing that the party seeking discovery has substantial need of the materials in preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3). By contrast, work product containing an attorney's opinions, mental impressions, conclusions, and legal theories enjoys nearly absolute protection. Cox v. Admin'r United States Steel & Carnegie, 17 F.3rd 1386, 1441-42 (11th Cir.), modified on other grounds, 30 F.3d 1347 (11th Cir. 1994). The party who seeks protection under the work product doctrine bears the burden of demonstrating that the documents at issue were prepared in anticipation of litigation. Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.2d 124, 138 (3rd Cir. 2000); In re Automotive Refinishing Paint Antitrust Litigation, No. MDL 1426, 2006 WL 1479819, at *3 (E.D. Pa. May 26, 2006); Jackson v. Geometrica, No. 304CV640J20HTS, 2006 WL 510059, at *1 (M.D. Fla. Mar. 2, 2006).

Plaintiff has failed to make any showing that answering Defendant's interrogatories would disclose confidential communications between him and his attorney. And he has failed to demonstrate that his answers to the interrogatories would reveal information gathered in anticipation of litigation. Indeed, Plaintiff merely asserted these privileges "in an abundance of caution." Moreover, the interrogatories at issue request only factual

information, such as the position Plaintiff held on the day of the accident, a description of what occurred in the subject incident, a description of how the equipment of the vessel allegedly failed, a description of his injuries, an itemization of his damages, and the identity of witnesses and expert witnesses.  This factual information is not protected by either the attorney-client or work product privilege.  Accordingly, Plaintiff's privilege objections to Defendant's Interrogatories are overruled.

Additionally, Plaintiff, "[i]n an abundance of caution", objects to the interrogatories on the ground that "he is not fluent in English and that a qualified, official translator was not used in providing these answers."  And Plaintiff attributes his incomplete answers to the Interrogatories to his lack of fluency in English and his counsel's lack of fluency in Spanish.  However, a purported language barrier between an attorney and his client is not a valid objection to interrogatories nor an adequate reason for not providing complete answers.  Plaintiff filed this lawsuit, and he has an obligation under the Federal Rules to provide discovery so that Defendant may adequately defend against Plaintiff's allegations. Moreover, as Defendant correctly notes, the South Florida area "is replete with translators and/or Spanish speakers who can assist a non-English speaking Plaintiff."  Reply at 3 (DE 45).

In response to Defendant's Motion to Compel, Plaintiff argues that he should not be required to give better responses to the Interrogatories because he will be giving his deposition soon and at that time Defendant will be able to obtain sworn, translated answers.  And Plaintiff argues that better answers are not needed because he has produced 367 pages of documents that "provide the answers" to the majority of the

7

Interrogatories[3] and because he has provided Defendant with medical releases so that his medical records can be obtained. The Federal Rules of Civil Procedure, however, do not limit a party to any one method of discovery. The fact that Plaintiff has produced documents and is to give a deposition does not excuse his failure to completely answer Defendant's Interrogatories.

Based on the foregoing, it is hereby ORDERED that on or before September 19, 2008, Plaintiff shall fully and completely answer Interrogatories Nos. 2, 3, 7-14, 17-19, and 22-23[4] and properly execute them.[5]

DONE AND ORDERED in Fort Lauderdale, Florida, this 11th day of September 2008.

BARRY S. SELTZER
United States Magistrate Judge

---

[3] The Court notes that in answering some of Defendant's Interrogatories, Plaintiff referred Defendant to "his records." Although Federal Rule of Civil Procedure 33(d) does permit a party to answer an interrogatory by identifying the records from which the answer may be derived, the Rule requires that the responding party specify the records "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d) (emphasis added). Plaintiff's general references to his records are not sufficient to satisfy Rule 33(d).

[4] The Court is aware that it is not requiring Plaintiff to provide better answers to the Interrogatories until after he gives his deposition on September 12, 2008. However, Defendant did not file the instant Motion on an emergency basis nor did it request an expedited ruling. In fact, Defendant did not even mention Plaintiff's upcoming deposition in its Motion. Not until its August 29, 2008 Reply did Defendant first suggest that without better answers to its Interrogatories its counsel "would be unable to meaningfully prepare for Plaintiff's upcoming deposition." Reply at 4 (DE 45).

[5] Federal Rule of Civil Procedure 33(a)(3) and (5) requires that the party answer interrogatories under oath and sign the answers.

8

Copies to:

All counsel of record