UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61022-CIV-COHN/SELTZER

MIGUEL CALDERON,

    Plaintiff,

vs.

REEDEREI CLAUS-PETER
OFFEN GmbH & Co. and
ABC MANNING COMPANY,

    Defendants.
_____/

## ORDER ON MOTION TO COMPEL

THIS CAUSE is before the Court on Defendant Reederei Claus-Peter Offen GmbH & Co.'s Motion to Compel Plaintiff to Produce Documents Requested in Defendant's Second Request to Produce and to Provide Better Responses and Overruling Objections (DE 72) and the Court being sufficiently advised the Motion is GRANTED in part and DENIED in part.

Plaintiff brings this action under the Longshore and Harbor Workers' Compensation Act ("LWHCA"), 33 U.S.C. § 905(b), for injuries allegedly resulting from a July 23, 2004 accident that occurred while he was engaged in cargo operations on board the vessel M/V "San Felipe." Defendant Reederei Claus-Peter Offen GmbH & Co. ("Defendant") now moves to compel Plaintiff to produce his medical records and other documents responsive to its Second Request to Produce. Plaintiff has filed a Memorandum in Opposition to the Motion (DE 78), and Defendant has replied thereto (DE 81). The Motion is now ripe for

decision.

1.      Requests No. 1, 3, and 4 seek production of the following medical records (including medical reports, radiologic films, and bills):  (a) medical records from January 1, 2008 through the present pertaining to the treatment of injuries Plaintiff claims he sustained as a result of the subject accident; (2) medical records pertaining to the treatment of Plaintiff's eyes, eyesight, and vision which relate to the treatment described in Plaintiff's deposition; and (3) medical records pertaining to the treatment of injuries Plaintiff claims he sustained to his right shoulder as described in Plaintiff's deposition. Defendant argues that obtaining these medical records is necessary because it has been unable to ascertain the extent of the injuries Plaintiff alleges were caused by the Defendant's alleged negligence, if any.  According to Defendant, Plaintiff's allegations as to the injuries for which he is seeking relief have changed over the course of the litigation, and his current claims differ from the injuries that he reported to the United States Department of Labor in his LHWCA claim against his employer.  Defendant contends that Plaintiff testified during his September 12, 2008 deposition that he has been treated for prior injuries to some of the same body parts that he alleges to have injured on board the San Felipe; yet, he has never produced the medical records that reflect those injuries nor has he clearly identified the medical providers who treated those pre-existing injuries. Plaintiff objects to the discovery requests seeking his medical records based on the work product doctrine.

The work product doctrine, first articulated in <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947), has been codified in Federal Rule of Civil Procedure 26(b)(3).  The Rule

recognizes two types of work product – fact work product, which protects information gathered in anticipation of litigation, and opinion work product, which consists of the attorney's mental impressions, opinions, or legal theories.  Fact work product is subject to discovery "only upon a showing that the party seeking discovery has substantial need of the materials in preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means."  Fed. R. Civ. P. 26(b)(3).  By contrast, work product containing an attorney's opinions, mental impressions, conclusions, and legal theories enjoys nearly absolute protection.  Cox v. Admin'r United States Steel & Carnegie, 17 F.3rd 1386, 1441-42 (11th Cir.), modified on other grounds, 30 F.3d 1347 (11th Cir. 1994).

Plaintiff does not contend that the medical records themselves are work product materials; rather, he argues that responding to the Requests would reveal his counsel's "mental impressions concerning which medical records support Plaintiff's case versus which ones do not."  Memorandum in Opposition at 1 (DE 78).  Plaintiff explains his argument as follows:

> For example, Defendants seek production of medical records *that were generated as a result of the accident in question*, and medical records *relating to a prior shoulder injury.*  To produce these specific records would force Plaintiff's counsel to evaluate and *inform* defense counsel which medical records relating to the right shoulder are not because of the accident, and by default which ones are.  Likewise, to produce medical records *that were generated as a result of the accident in question* would force Plaintiff's counsel to reveal his theories as to damages – indeed, even before they have been fully developed.

3

Memorandum in Opposition at 1-2 (DE 78) (emphasis in original).[1]

At least two federal circuits have held that an attorney's selection and compilation of documents is protected opinion work product. See Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986); Sprock v. Peil, 759 F.2d 312 (3rd Cir. 1985). In Sprock, a securities fraud class action suit, the defendants had produced to the plaintiff "hundreds of thousands" of documents. Prior to one defendant's deposition, his counsel selected and compiled numerous documents from those already produced for the sole purpose of preparing the defendant for his deposition. At the deposition and later through a request for production, the plaintiff's counsel sought all documents the defendant had reviewed in preparing for the deposition; the defendant refused to produce those documents. In response to a motion to compel, the defendant acknowledged that none of the documents contained the work product of the defendant's counsel. He, however, argued that his attorney's selection and grouping of the documents itself would reveal counsel's mental impressions and legal opinions. The trial court ordered the defendant to identify or to produce the documents reviewed by the defendant in preparation for his deposition. On a writ of mandamus, a divided panel of the Third Circuit held that counsel's selection and compilation of documents fell "within the highly protected category of opinion work product" and, thus, the documents need not be produced. Id. at 316.

In Shelton, during his deposition the defendant's in-house counsel refused to

---

[1] Plaintiff proposes a method to produce medical records that he contends would not invade his counsel's work product protection – giving Defendant more documents than it has requested. For example, Plaintiff would produce all medical records in his possession relating to his right shoulder without identifying whether or not such records relate to injuries sustained due to the accident that is the subject of this action.

answer questions concerning the existence or non-existence of certain documents, asserting the attorney-client and/or the work product privilege. The district court ruled that the information sought was not protected by either privilege and, therefore, counsel's repeated refusal to answer warranted a default judgment. On appeal, the Eighth Circuit held that where "the deponent is opposing counsel and has engaged in a selective process of compiling documents from among voluminous files in preparation for litigation, the mere acknowledgment of the existence of those documents would reveal counsel's mental impressions, which are protected as work product." 805 F.2d at 1329. The Shelton Court reasoned that the attorney's recollection of the existence of any particular documents would be limited to those she had necessarily selected as significant and important with respect to her legal theories. Accordingly, the appellate court reversed the trial court's imposition of the default judgment.

One court in this district recently considered whether documents reviewed by one of the defendant's employees in preparing for her deposition should be produced over the defendant's "selection-based opinion work product" objection. See In re Trasylol Products Liab. Litig., No. 08-MD-1928, 2009 WL 936597, at *3-4 (S.D. Fla. April 7, 2009) (Middlebrooks, J.). In ruling that the defendant was required to produce such documents, the Trasylol Court observed:

> Cases that have considered issues similar to those presented in Sporck, Shelton and the case herein, have demonstrated a good deal of disagreement as to the application of such a "selection-based opinion work-product" privilege, and the result has been the production of a multitude of distinguishing principles. The foremost and most consistent of such principles is that "the mere selection and grouping of

5

> information by counsel for a deponent to review does not automatically transform otherwise discoverable documents into work product." See, e.g., In re San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007, 1018 (1st Cir.1988). The Court in the San Juan case criticized the Sporck decision as flawed because it assumed that the revelatory nature of the sought-after information was, in and of itself, sufficient to impart the information with the cloak of heightened protection of opinion work product.
>
> The Eleventh Circuit has not had opportunity as yet to consider the applicability of the Sporck doctrine. The cases within this Circuit that have had such opportunity, however, have recognized the far-reaching effects of the decision, and have crafted a narrower application of the doctrine. See, e.g., Hunter's Ridge Golf, Co., Inc. v. Georgia Pacific Corp., 233 F.R.D. 678, 681 (M.D. Fla. 2006); Jackson v. Geometrica, Inc., 2006 WL 510059 (M.D. Fla. Mar 2, 2006); In re Seroquel Products Liability Lit., 2008 WL 215707 (M.D. Fla. 2008). Much of this narrower application derives from the Sporck dissent and the San Juan fire case wherein the First Circuit recognized that "not every item which may reveal some inkling of a lawyer's mental impressions, conclusions, opinions, or legal theories is protected as opinion work product .... Were the doctrine to sweep so massively, the exception would hungrily swallow up the rule." 859 F.2d at 1015.
>
> Under this narrower application, as it has evolved, a party asserting an attorney opinion privilege claim must come forward with some evidence that disclosure of the requested documents creates a real, non-speculative danger of revealing counsel's thoughts.

Id. The court acknowledged that it "is conceivable that some circumstances may warrant application of the Sporck principle," but such "a broad general privilege . . . basically would extend the work-product privilege into the norm rather than the exception." Id. And the court noted that "[c]onstrued too broadly, the work product privilege can interfere with the essential function of the discovery process of narrowing issues for trial'." Id. at *4 (quoting

6

In re Seroquel, 2008 WL 215707, at *5).

This Court agrees with the Trasylol Court and the other courts that require the party raising a "selection-based opinion work product" objection to "come forward with some evidence that disclosure of the requested documents creates a real, non-speculative danger of revealing counsel's thoughts." In re Trasylol, 2009 WL 936597, at *4; see also In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002, 318 F.3d 379, 386 (2d Cir. 2002); In re Seroquel Prods. Liab. Litig., No. 6:06-md-1769-Orl-22DAB, 2008 WL 215707, at *5 (M.D. Fla. 2008); Hunter's Ridge Golf, Co., Inc. v. Georgia Pacific Corp., 233 F.R.D. 678, 681 (M.D. Fla. 2006).

Plaintiff's mere assertion that the production of the requested medical records would reveal his counsel's mental impressions and theories as to damages does not meet that burden. Moreover, unlike in Sprock and Shelton, neither Plaintiff nor Plaintiff's counsel here is being asked to select a group of documents out of a larger group that have already been produced. Rather, Defendant is seeking documents (medical records) that support Plaintiff's claim that he suffered injuries as a result of Defendant's negligence. Similarly, a district court out of the Third Circuit (which decided Sprock) has rejected a "selection-based opinion work product" argument where the defendant's interrogatories sought information relating to the plaintiff's damages. See Directory Dividends, Inc. v. SBC Communications, No. Civ.A 01-CV-1974, 2003 WL 23208804, at *2-3 (E.D. Pa. 2003); see also In re Automative Refinishing Paint Antitrust Litig., No. MDL 1426, 2006 WL 1479819, at *7 (E.D. Pa. 2006) (court rejected a Sprock argument, ruling that the defendants' requests for production were "merely seeking to uncover the factual basis for [the plaintiffs']

7

claims – the central purpose of discovery").

Accordingly, Defendant's Motion to Compel with respect to these Requests is GRANTED. On or before July 3, 2009, Plaintiff shall produce all medical records responsive to Requests 1, 3 and 4 and shall identify the records that are responsive to each specific Request.

2. Request 5 seeks production of "[a]ll photographs, sketches, diagrams, motion pictures, videos, or other documentation or representations of the injuries which Plaintiff claims he sustained as a result of the subject incident. . . ." This Request specifically seeks such documents "whether [they] are in the possession of the Plaintiff, his attorneys, investigators or doctors, whether or not there has yet been a determination of whether such photographs or videotapes will be used at trial of this matter, including but not limited to photographs of Plaintiff's injuries taken by his former attorney . . . as described [in Plaintiff's deposition]."

Plaintiff argues that this Request violates the work product doctrine to the extent it encompasses documents generated by his attorneys. The Court agrees. See Gonnuscio v. Seabrand Shipping Ltd., No. 95-752-FR. 1997 WL 118436, at *1 (D. Or March 11, 1997) (holding that photographs of accident scene aboard vessel taken by attorney of injured seaman constituted attorney-client and work product material). Defendant has not demonstrate that it has "substantial need of the materials in preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3). Accordingly, to the extent that Request 5 seeks production of documents generated by Plaintiff's counsel (or former

counsel), the Motion is DENIED.  To the extent Plaintiff has in his possession, custody, and control other responsive non-privileged documents, the Motion is GRANTED.  On or before July 3, 2009, Plaintiff shall produce to Defendant all non-privileged documents responsive to Request 5.  If Plaintiff is withholding any documents under a claim of privilege, he shall on that same date provide a privilege log to Defendant.

    DONE AND ORDERED in Fort Lauderdale, Florida, this 19th day of June 2009.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record