**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
**Case No. 07-61022-CIV-COHN-SELTZER**

MIGUEL CALDERON,
      Plaintiff,

v.

REEDEREI CLAUS-PETER OFFEN, GmbH
& CO.,
      Defendant.

_____,

**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**
**DEFENDANT TO PRODUCE DOCUMENTS AND THINGS IN RESPONSE TO**
**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**

      Plaintiff, MIGUEL CALDERON, by and though the undersigned counsel, hereby files the instant Reply to Defendant's Response to Plaintiff's Motion to Compel Defendant to Produce Documents and Things in Response to Plaintiff's Second Request for Production, and states in support thereof of the following:

**PLAINTIFF COMPLIED WITH LOCAL RULE 7.1 A.3**

      Defendant contends Plaintiff failed to comply with Local Rule 7.1 A.3.  In putative support for that contention, Defendant attached as Exhibit A to its Motion an email chain between defense counsel and Plaintiff's previous counsel, Mr. Steve Grover, where Defendant contends previous counsel was not reciprocating defense counsel's good faith to resolve the issue. [D.E. 135 at p.4]. Defendant even argued that, "[i]t was not until Plaintiff filed his Motion that Defendant's counsel was given an idea as to Plaintiff's disagreements with their Responses and now must deal with just a month before trial."  *Id.*

      Defendant neglected to provide this Court with the final link in the email chain. On September 8, 2009, Mr. Grover emailed as follows:

      Damon:

      I have not heard back from you regarding whether you will be reconsidering any of
      your objections to Plaintiffs' Second and Third Requests for Production.  I will be

filing the Motion to Compel shortly if I don't hear back from you.  Damon, I can't understand how you could consider so many of the RFPs to be "vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence"--your most frequent objection.  These RFPs zero in on the people and things that are at the heart of this litigation.  If that's not the case, then query why these matters are also the focus of so much of your and Plaintiff's liability expert reports, and so much of the questioning (*sic*) in the several depositions in this case:  the hatch cover, the lashing platform, the accident, warning signs, communications with third parties, the stevedoring crew, the containers, safety policies, the witnesses,(*sic*) the captain, the second mate and other officers, the ship, safety meetings, all ship's logs on the date in question, Plaintiff's injuries, P & I coverage, drawings, videos and evidence that you intend to intrioduce (*sic*) at trial, among other things.  One of the "ironic" aspects of your objections is that you object to producing documents received via subpoenas duces tecum to third parties, and yet you have made a request for the same from Plaintiff, via a "Request for Copies".  Again, please advise if there is any change of position.  Thanks.

     --Steve Grover

*See* Exhibit A attached hereto.

     Contrary to Defendant's contention, therefore, Plaintiff complied with Local Rule 7.1 A.3.

### PLAINTIFF WAS TIMELY UNDER LOCAL RULE 26.1 H 1 RELATIVE TO REQUESTS NUMBERED 3, 8, 9, 15, 16, 17, 18 AND 19

     Defendant served its Responses on July 13, 2009.  Defendant served them by mail, so Plaintiff did not receive them until approximately July 15, 2009.  Plaintiff's Motion to Compel was filed on September 8, 2009 – approximately 46 days later.  But the date Defendant served its Response should not be viewed as the triggering event for the 30 day clock to start ticking for Plaintiff to file his Motion to Compel – at least not relative to many of the Requests to Produce.  Local Rule 26.1 H 1 states in, pertinent part, "[a]ll motions related to discovery, including but not limited to motions to compel discovery and motions for protective order, shall be filed within thirty days **of the occurrence of grounds for the motion**." (Emphasis added).  The occurrence of grounds for **Plaintiff's Motion** for many of the Requests to Produce was the deposition of the ship's captain, which ultimately took place in Durban South Africa on August 8 and 9, 2009.

     Plaintiff's counsel, Steve Grover, had wanted that deposition to take place earlier than that date, specifically about ten to twenty days earlier in Brazil.  (Defense counsel had refused to produce the ship's captain for deposition in America.)  However, Plaintiff's counsel could not conduct the deposition in Brazil at that time for the same reason he could not do so on a prior occasion there:

under the law of Brazil, it is a crime for a foreign attorney to conduct a deposition there, as the U.S. State Department clearly warns. Plaintiff's counsel hence had no choice but to wait until the captain was made available in another country, notably South Africa.

The deposition was set to take place in Capetown, South Africa, on August 5, 2009. The deposition was bumped, though, to Durban, South Africa, on August 8-9, 2009, from about 11 pm to 5 am, because the ship was delayed on its journey from Brazil, a crane went down in the port in Durban, and due to other logistical matters.

Before the deposition, Plaintiff's counsel had phone calls and e-mails with defense counsel in which document discovery was discussed. For example, on July 29, 2009, Plaintiff's counsel e-mailed defense counsel: "At your earliest convenience, please forward to me, or tell me when my office can pick up from you, the Cargo Securing Manual and the QSE Manual. Of course, I would like to have these well prior to Capt. Niewidok's deposition. Thank you."

On the following day, Plaintiff's counsel sent another e-mail, which stated in relevant part: "I have not received Defendant's [cargo securing] manual, or other document(s), which sets forth its policies an procedures regarding securing, loading and discharge operations, container lashings, and interfacing with longshoremen. Please provide that. Please also let me know when I can expect to receive the QSE Manual. I sent you proposed edits to the Protective Order a couple of days ago, with my signature. Thank you very much."

On August 7, 2009, Plaintiff's counsel sent another e-mail, in which he stated, in condensed part: "[Y]ou still have not addressed the below request for the below-described manual(s), which are either part of or not part of the Cargo Securing Manual...Any contention that they are not relevant or do not exist is not cogent.....[These are] important, germane documents." Defense counsel responded on that same day, in relevant part: "As we advised in our letter to you of July 30, 2009, we provided you with the Container Securing Manual. Anything pertaining to your topics addressed in your letter of today's date which as you described are [written] policies and procedures regarding securing loading and discharge operations, containers, lashings and interfacing with longshoremen, if any, would be contained in the QSE Manual, which you already have. Accordingly, there would not [be a] basis for you to file a Motion to Compel and if you do we will oppose it."

Plaintiff's counsel responded on that same date, August 7: "Thanks for your response, Jan. Then please confirm that your client does not possess any written policies and/or procedures relating

to these matters other than the QSE Manual, since there is nothing but diagrams in the Cargo Securing Manual that you have given me.  Please note that 'documents' is defined broadly in my RFPs to include also videos, computer-stored info, etc., etc.  Thanks."  Defense counsel replied that day: "Steve, in response to your letter of August 7th there is nothing else other than what we have produced to date."

Thus, as of August 7, 2009, some 30 days before the Motion to Compel was filed on September 8, it was clearly Defendant's position that there were no documents of the types that Plaintiff had sought in the vast majority of the Requests for Production – notwithstanding Defendant's written objections to them on the basis that the requests were not relevant, etc.  The matter had been investigated, and answered.

In the deposition of Captain Niewidok two days later, however, the truth emerged, under oath: that numerous, unproduced cargo-securing and safety-related documents indeed existed. [D.E. 118 at p. 5].  *See also*, excerpt from Captain Niewidok's deposition attached hereto as Exhibit A.  As Plaintiff's Motion set forth, the deposition of Captain Niewidok alerted Plaintiff that the materials provided by Defendant up to that point were not complete.  Specifically, Captain Niewidok's testimony cast doubt on Defendant's Responses to Plaintiff's Requests Numbered 3, 8, 9, 15, 16, 17, 18 and 19 as describe more fully in Plaintiff's Motion.  Additionally, as Plaintiff's Motion also set forth, Captain Niewidok additionally confirmed to Plaintiff's previous counsel that certain portions of the QSE Manual provided in Defendant's discovery responses were not relative to Plaintiff's incident.  Captain Niewidok confirmed at his deposition that Defendant provided Plaintiff with portions of the QSE Manual which were created years *after* Plaintiff's incident.

Defendant's refuge for these Numbered Requests – the "30-day rule" – does not, therefore, hold muster under the circumstances:  The Captain's deposition took place in South Africa on August 8-9, 2009.  That deposition testimony revealed the truth – fundamentally that defense counsel's statements that these certain documents did not exist was false.  Plaintiff's counsel filed his Motion to Compel on September 8, 2009, within 30 days of the triggering event of the Captain's revealing testimony.  (And in the interim, Plaintiff's counsel made a rush request for the deposition transcript.  Because the deposition had taken place in South Africa on August 8-9, 2009, and the court reporter needed to travel thousands of miles to get home before completing the transcript, Plaintiff's counsel did not receive the transcript until August 14.  Also in the interim, Plaintiff's

counsel again called defense counsel's attention to the impropriety of defense counsel's position.) Defendant conveniently omits all of these facts from its Opposition Memorandum.

Plaintiff's Motion to Compel is, accordingly, timely – at least relative to the portion of Plaintiff's Motion to Compel based on the revelations offered by Captain Niewidok at his August 8 and 9 deposition.  Defense counsel made statements up through August 7 regarding the alleged non-existence of documents relating to these certain Requests.  Plaintiff's counsel could not prove Defense counsel's statements wrong until Plaintiff obtained the deposition testimony, cited in the Motion to Compel.  Defendant should not be allowed to benefit from its own misdirection by having the 30 day clock start any earlier than the finishing date of the Captain's deposition.  *See United States v. Certain Real Prop.*, 444 F. Supp. 2d 1258 (S.D. Fla. 2006). (Government's Motion to Compel was timely under Local Rule 26.1 H 1 because it was filed within 30 days of a deposition that directly contradicted claimant's testimony).  To hold otherwise would allow Defendant to take advantage of its counsel's incorrect statements up through August 7.

### PLAINTIFF'S DELAY RELATIVE TO REQUESTS 1, 5, 6 AND 13 REASONABLE

This Court can consider the reasonableness of Plaintiff's delay.  *See Lafarge N. Am., Inc. v. Matraco-Colorado, Inc.*, 2008 U.S. Dist. LEXIS 47508 (S.D. Fla. June 19, 2008).  Relative to four of Plaintiff's Requests, Plaintiff's delay in bring his Motion was attributable to Defendant's failure to deliver somehow on a promise.

**Plaintiff's Requests Numbered 1 and 5**: Defendant advised documents responsive to this request would be identified in a privilege log and filed separately.  Plaintiff should not be penalized and Defendant rewarded for waiting for a privilege log that never arrived.

**Plaintiff's Requests Numbered 6 and 13:** Defendant advised these materials would be forthcoming.  Plaintiff waited for Defendant to provide these materials.  Plaintiff relied, apparently to his detriment, that these items would indeed be forthcoming.  Defendant should not be permitted to advise Plaintiff that documents are forthcoming then seek protection from the Local Rule prohibiting a motion to compel filed later than 30 days after Defendant does not provide the promised documents.  In fact, Defendant contends in its Response to Plaintiff's Motion these are items are *still* forthcoming.

### PLAINTIFF CONCEDES HE IS LATE RELATIVE TO REQUESTS 2, 4, AND 4 (MISNUMBERED)

Undersigned concedes that Plaintiff's Motion to Compel relative to Requests 2, 4 and 4

(misnumbered) is untimely under Local Rule 26.1 H 1.  Undersigned wishes that Defendant would be as forthright:  unlike undersigned, Defendant refuses to admit when it violates the "30-day rule" when it files a Motion to Compel **even more than year too late,** *see* Motion to Compel Signed Releases to Obtain Plaintiff's Income Tax Returns and Social Security Earnings History and Photographs of Plaintiff [D.E. 123], albeit, Defendant is quick to point out when it believes Plaintiff violates the rule.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order compelling Defendant to provide discovery responses as set forth in Plaintiff's Motion to Compel [D.E. 118], with the exception of Requests numbered 2, 4 and 4 (misnumbered), for which Requests Plaintiff agrees he was late in moving to compel responses.

Respectfully submitted,

DOWNS BRILL WHITEHEAD
One Southwest 129th Avenue
Mercantile Bank Bldg., Suite 305
Pembroke Pines, FL 33027
Telephone:    (954) 447-3556
Facsimile:    (954) 447-3557
Email:  dbrill@dbwlaw.com
Email:  jrinaldi@dbwlaw.com


s/ David W. Brill, Esq.
David W. Brill, Esq.
Florida Bar No. 0959560
Joseph J. Rinaldi, Jr., Esq.
Florida Bar No. 0581941

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
**Case No. 07-61022-CIV-COHN-SELTZER**

MIGUEL CALDERON,
     Plaintiff,

v.

REEDEREI CLAUS-PETER OFFEN, GmbH
& CO.,
     Defendant.

_____,

**CERTIFICATE OF SERVICE**

     I hereby certify that on September 29, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

     s/ David W. Brill

**SERVICE LIST**
**Case No. 07-61022-CIV-COHN-SELTZER**
**MIGUEL CALDERON v. REEDEREI CLAUS-PETER OFFEN, GmbH & CO.**

Charles G. De Leo, Esq.
Jan M. Kuylenstierna, Esq.
Damon T. Hartley, Esq.
Fowler White Burnett P.A.
Espirito Santo Plaza
1395 Brickell Avenue, 14th Floor
Miami, FL 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
Attorneys for Defendant
Service via CM/ECF

Steven F. Grover, Esq.
Law Office of Steven F. Grover
One East Broward Blvd., Suite 700
Fort Lauderdale, FL 33301
Telephone: (954) 356-0005
Facsimile: (954) 356-0010
Co-counsel for Plaintiff
Service via CM/ECF