UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61022-CIV-COHN/SELTZER

MIGUEL CALDERON,

      Plaintiff,

vs.


REEDEREI CLAUS-PETER OFFEN
GmbH & Co., and ABC MANNING COMPANY,

      Defendants.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL

      THIS CAUSE is before the Court on Defendant Reederei Claus-Peter Offen Gmbh & Co's Motion to Compel Signed Releases to Obtain Plaintiff's Income Tax Returns and Social Security Earnings History and Photographs of Plaintiff (DE 123) and the Court being sufficiently advised, it is hereby ORDERED that the Motion is DENIED for the reasons set forth below.

      On July 23, 2007, Plaintiff Miguel Calderon commenced this action against Defendant Reederei Claus-Peter Offen Gmbh & Co.[1] under the Longshore and Harbor Workers' Compensation Act ("LWHCA"), 33 U.S.C. § 905(b), seeking to recover for injuries allegedly sustained in a July 23, 2004 cargo operations accident on board the vessel M/V "San Felipe" at Port Everglades, Florida.  Defendant timely answered the Complaint on March 3, 2009.  Since that time the parties have requested and received three extensions

_____

      [1] Plaintiff also named as a defendant ABC Manning Company; the docket does not reflect that this company was ever served with process.

of the trial date; the bench trial is currently set to take place during the two-week period commencing on October 26, 2009.  The parties' additionally requested and received three extensions of the discovery deadline; the most recent deadline passed on September 8, 2009.

On September 15, 2009, Defendant filed a Motion to Compel Signed Releases to Obtain Plaintiff's Income Tax Returns and Social Security Earnings History and Photographs of Plaintiff (DE 123).  Defendant asks the Court to compel Plaintiff to produce either his tax returns and Social Security earnings history or, alternatively, to provide signed releases so that Defendant can obtain these documents directly from the Internal Revenue Service and the Social Security Administration.

The Court finds that Defendant's Motion with respect to these financial documents is untimely.  Local Rule 26.1.H.1 provides:

> All motions related to discovery, including but not limited to motions to compel discovery . . . <u>shall</u> be filed within thirty days of the occurrence of grounds for the motion.  Failure to file [a] discovery motion within thirty days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought.

S.D. Fla. L. R. 26.1.H.1 (emphasis added).  "This Rule was designed to prompt early resolution of discovery disputes and 'to ensure that discovery motions are filed when ripe and not held until shortly before the close [of] discovery or the eve of trial.'"  <u>Poe v. Carnival Corp.</u>, No. 06-20139-Civ-JORDAN-TORRES, 2007 U.S. Dist. LEXIS 4627, at *5 (S.D. Fla. Jan 23, 2007) (Torres, Mag. J.) (quoting 1998 Comments, S.D. Fla. L.R. 26.1).

On March 13, <u>2008</u>, Defendant served on Defendant a Request for Production,

requesting that Plaintiff produce his "tax returns, W-2's and 1099's, wage records and other proof of income for years 2002-2007."  On May 19, <u>2008</u>, Defendant responded to the Request, objecting on the grounds that it was overly broad, burdensome, and "in an abundance of caution" he asserted the attorney-client privilege and work product doctrine.[2] <u>See</u> Plaintiff's Responses to Defendant's Requests for Production 1, Ex. A to Defendant's Motion to Compel (DE 123-2).   According to Defendant, the only responsive document that Plaintiff produced was a Social Security earnings statement;[3] Plaintiff did not produce any tax returns.  With respect to these financial documents, Defendant, therefore, became aware of the "occurrence of the grounds" for its Motion in May 2008.  Yet, it did not file its Motion to Compel until September 15, 2009 – one 1 week after the discovery deadline, a mere 41 days before the trial date, and most importantly, 15 months after the due date for filing the motion,

Perhaps to avoid the consequences of its untimely filing, Defendant (in its Reply Memorandum) now argues that Plaintiff had a duty to supplement his Rule 26(a) Initial Disclosures.[4]  Defendant  references only the following disclosure made by Plaintiff:

> At this stage of the litigation, Plaintiff's damages remain unliquidated and dependent on the fact finder's conclusions at trial concerning many items of damages, including, but not limited to, lost wages, pain and suffering, and emotional

---

[2]  Notwithstanding these objections, Plaintiff referenced "enclosed documents 1 through 243."

[3]  This Statement provides the amount of Plaintiff's earnings for the years 1984 through 2004 (the year of the subject accident).

[4]  After Defendant filed its Reply Memorandum, Plaintiff did supplement its Initial Disclosures.  <u>See</u> Plaintiff's Supplemental Disclosures (DE 145-2).

distress.  Plaintiff has not yet retained any expert regarding the damages he has suffered.

Defendant, however, has not moved to compel Plaintiff to supplement its Initial Disclosures with respect to damages;  rather, it requests that the Court compel the production of documents sought by its Second Request for Production.  Defendant has failed to proffer any explanation,  much less "reasonable cause," for his 15-month delay in filing the instant Motion to Compel Plaintiff's income tax returns and Social Security earnings history. Accordingly, the Court finds that Defendant has waived the relief sought (compelling production) with respect to these financial documents.

More recently, Defendant did attempt to obtain these documents.  On July 14, 2009, and again on August 28, 2009, Defendant's counsel sent e-mails to Plaintiff's counsel, requesting that Plaintiff sign releases for his income tax returns and Social Security earnings statement so that Defendant could obtain the documents directly from the Internal Revenue Service and the Social Security Administration.  These more recent requests, however, do not render Defendant's Motion timely.  Further, even were the Court to deem the instant motion requesting releases (as opposed to the actual documents) timely, it would still deny Defendant's Motion; a court cannot not compel documents requested only informally.  See, e.g., Suid v. Cigna Corp., 203 F.R.D. 227,  228 (2001); Sithon Maritime Co. v. Mansion, No. Civ. A. 96-2262-EEO, 1998 WL 182785, at *2 (D. Kan. Apr. 10, 1998); Haifley v. Naylor, No. 4:CV94-3277, 1996 WL 539212, at *1-2 (D. Neb. July 9, 1996); Schwartz v. Mktg. Publ'g Co., 153 F.R.D. 16, 21 (D. Conn. 1994).  In Sithon Maritime, the court refused to compel the production of documents that the plaintiff had informally

requested by letter to opposing counsel.  In denying the plaintiff's motion to compel, the court explained:

> The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery.  Parties must comply with such requirements in order to resort to the provisions of Fed. R. Civ. P. 37, governing motions to compel. Informal requests for production lie outside the boundaries of the discovery rules.  Formal requests may be filed under some circumstances, not letter requests.  Formal requests require certificates of conferring and service.  Letters do not.  Formal requests certify representations of counsel under Fed.R.Civ.P. 11(b).  Letters do not.  Formal requests clearly implicate the duties of opposing parties to respond, pursuant to Fed. R. Civ. P. 34.  Letters do not.  Formal requests may occasion sanctions.  Letters usually do not.  To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery.

1998 WL 182785, at *2.

In his response to the Defendant's Motion, Plaintiff agreed to provide Defendant with signed releases for his tax returns and his Social Security earnings statement.  Even though the Court is denying Defendant's Motion, the Court expects Plaintiff to abide by this agreement.  If Plaintiff has not yet provided the releases, he shall do so **forthwith**.

In the instant Motion, Defendant also requests the Court to compel Plaintiff to produce photographs of Plaintiff's injuries, which were purportedly taken by his former attorney[5] or, alternatively, to preclude Plaintiff from offering any evidence of his injuries as

---

[5] Plaintiff testified in his deposition that after surgery on his right wrist and after a cast was placed on his arm photographs were taken and that they are in the possession of his "first attorney," Steve Simpson.  Although Plaintiff did not testify that this attorney took these photographs, he did respond to Defendant's counsel's inquiry as to when the attorney took them.  Therefore, the Court assumes that the attorney did take the photographs.  Plaintiff additionally testified that he does not know if attorney Simpson still has the photographs.  Calderon Dep., pp. 143-144 (DE 123-5).

a result of the accident.  The Court, however, finds Defendant's Motion with respect to the

photographs to also be untimely.   Although Defendant has failed to identify the Request

for Production to which these photographs would be responsive (as required by Local Rule

26.1.H.2),[6] a review of Plaintiff's Responses to Defendant's Request for Production

(attached to Defendant's Motion as Exhibit A (DE 123-2)) reveals that Defendant first

requested photographs of Plaintiff's injuries some time prior to the service of his responses

on May 19, 2008.  See Request 7 (DE 123-2) (Request 7 sought "[a]ll photographs,

sketches, diagrams, motion pictures, videos, or other documentation or representations

of any of the areas, materials, equipment, or injuries involved in this lawsuit, and which is

intended to be used at trial) (emphasis added).[7]

─────────────────

[6]  Local Rule 26.1.H.2 provides in pertinent part:

> Motions to Compel.  Except for motions grounded upon
> complete failure to respond to the discovery sought to be
> compelled or upon assertion of general or blanket objections
> to discovery, motions to compel discovery in accordance with
> Federal Rules of Civil Procedure 33, 34, 36 and 37. . . shall,
> for each separate . . . request for production . . . state: (a)
> verbatim the specific item to be compelled; (b) the specific
> objections; (c) the grounds assigned for the objection (if not
> apparent from the objection); and (d) the reasons assigned as
> supporting the motion as it relates to that specific item. The
> party shall write this information in immediate succession (e.g.,
> specific request for production, objection, grounds for the
> objection, reasons to support motion; next request for
> production, objection, grounds for the objection, reasons to
> support motion; and so on) to enable the Court to rule
> separately on each individual item in the motion.

S.D. Fla. L.R. 26.1.H.2.

[7]  Arguably, the photographs Defendant now seeks to compel would not have been
responsive to this first Request as Plaintiff may not have been intending to introduce them

Defendant also requested photographs of Plaintiff's injuries in a Second Request for Production propounded on March 19, 2009.  Request 5 sought production of "[a]ll photographs, sketches, diagrams, motion pictures, videos, or other documentation or representations of the injuries which Plaintiff claims he sustained as a result of the subject incident. . . ."  This Request specifically sought such documents "whether [they] are in the possession of the Plaintiff, his attorneys, investigators or doctors, whether or not there has yet been a determination of whether such photographs or videotapes will be used at trial of this matter, including but not limited to photographs of Plaintiff's injuries taken by his former attorney . . . as described [in Plaintiff's deposition]."  <u>See</u> Defendant's Second Request to Produce (DE 72-3).  Plaintiff served his response to this Request on April 16, 2009 – six months before Defendant filed the instant Motion to Compel the photographs.  Defendant has not proffered any explanation for its five-month delay in filing its Motion to Compel the photographs.  Accordingly, it has waived the relief sought in the Motion.  <u>See</u> Local Rule 26.1.H.1

Moreover, even were Defendant's Motion to Compel the photographs deemed timely, the Court would still deny the Motion because Defendant had previously moved the Court to compel production of the same photographs sought by the instant Motion.  <u>See</u> Defendant's Motion to Compel Plaintiff to Produce Documents Requested in Defendant's Second Request to Produce and to Provide Better Responses and Overruling Objections (DE 72) filed on April 22, 2009.  In ruling on Defendant's prior Motion, this Court held that photographs taken by Plaintiff's attorneys are protected by the attorney work product

---

at trial.

doctrine.  See Gonnuscio v. Seabrand Shipping Ltd., No. 95-752-FR. 1997 WL 118436,

at *1 (D. Or March 11, 1997) (holding that photographs of accident scene aboard vessel

taken by attorney of injured seaman constituted attorney-client and work product material).

The Court further found that Defendant had not demonstrated that it has "substantial need

of the materials in preparation of the party's case and that the party is unable without

undue hardship to obtain the substantial equivalent of the materials by other means."  Fed.

R. Civ. P. 26(b)(3).  Accordingly, the Court denied Defendant's prior Motion with respect

to the photographs taken by Plaintiff's attorneys.  See June 19, 2009 Order at 8-9 (DE 82).

Defendant neither requested reconsideration of this Court's Order nor appealed it to the

District Judge.

The Court additionally finds that Defendant has violated Local Rule 7.1.A.3, which

requires counsel to confer (or attempt to confer) before filing most motions in an attempt

to resolve the issues raised and to include in a motion a certification of conferring.  Local

Rule 7.1.A.3 provides in pertinent part:

> Prior to filing any motion in a civil case, [except certain motions
> not applicable here], counsel for the movant shall confer
> (orally or in writing), or make reasonable effort to confer (orally
> or in writing), with all parties or non-parties who may be
> affected by the relief sought in the motion in a good faith effort
> to resolve the issues to be raised in the motion.
> . . . At the end of the motion, and above the signature block,
> counsel for the moving party shall certify either: (a) that
> counsel for the movant has conferred with all parties or non-
> parties who may be affected by the relief sought in the motion
> in a good faith effort to resolve the issues raised in the motion
> and has been unable to do so; or (b) that counsel for the
> movant has made reasonable efforts to confer with all parties
> or non-parties who may be affected by the relief sought in the
> motion, which efforts shall be identified with specificity in the
> statement, but has been unable to do so. . . . Failure to comply

with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

S.D. Fla. L.R. 7.1.A.3.  This Local Rule is designed to encourage the parties to resolve their differences to avoid the needless waste of the parties' and the Court's resources. Defendant has failed to include in its Motion a certificate that it either conferred or attempted to confer with Plaintiff before filing the instant Motion.  See Local Rule 7.1.A.3 ("Failure to comply with the requirements of this Local Rule may be cause for the Court to . . . deny the motion. . . .").

DONE AND ORDERED in Fort Lauderdale, Florida, this 5th day of October 2009.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record

9