UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61022-CIV-COHN/SELTZER

MIGUEL CALDERON,

      Plaintiff,

vs.

REEDEREI CLAUS-PETER OFFEN
GmbH & Co., and ABC MANNING COMPANY,

      Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTIONS TO COMPEL

THIS CAUSE is before the Court on Plaintiff's Motion to Compel Defendant to

Produce Documents and Things in Response to Plaintiff's Second Request for Production

(DE 118) and Plaintiff's Motion to Compel Defendant to Produce Documents and Things

in Response to Plaintiff's Third Request for Production (DE 117) and the Court being

sufficiently advised, it is hereby ORDERED that Plaintiff's Motions are GRANTED in part

and DENIED in part as more fully set forth below.

## TIMELINESS OF MOTIONS

On September 8, 2009, Defendant filed the instant Motions to Compel Defendant

to Produce Documents.   Defendant argues that Plaintiff's Motions should be denied

because they were untimely filed.  Local Rule 26.1.H.1 provides:

> All motions related to discovery, including but not limited to
> motions to compel discovery . . . <u>shall</u> be filed within thirty days
> of the occurrence of grounds for the motion.  Failure to file
> discovery motion within thirty days, absent a showing of
> reasonable cause for a later filing, <u>may</u> constitute a waiver of

the relief sought.

S.D. Fla. L. R. 26.1.H.1 (emphasis added).   Here, Plaintiff became aware of "the occurrence of grounds" for its Motion to Compel with respect to his Second Request for Production on July 15, 2009, when he received Defendant's response to that discovery request.   And Plaintiff became aware of "the occurrence of grounds" for its Motion to Compel with respect to his Third Request for Production on July 24, 2009, when he received Defendant's response to that discovery request.   Therefore, under Local Rule 26.1.H.1, Plaintiff should have filed its Motion to Compel Defendant to Produce Documents and Things in Response to Plaintiff's Second Request for Production and Plaintiff's Motion to Compel Defendant to Produce Documents and Things in Response to Plaintiff's Third Request for Production on August 14, 2009 and August 24, 2009,[1] respectively.   Plaintiff, however, did not file his Motions to Compel until September 8, 2009 – 15 days (Motion re: Third Request) and 25 days (Motion re: Second Request) late.

Plaintiff acknowledges that his Motion with respect to Requests 2, 4, and (misnumbered) 4 of his Second Request for Production and his Motion with respect to Requests 9, 11, 14, 15, 16, 17, 22, 26, 29, 35, 36, 39, 41, 45, and 46 of his Third Request for Production are untimely.   The Court, therefore, will deny as untimely Plaintiff's Motion with respect to these specific Requests.

Plaintiff, however, argues that the thirty-day period for filing the remainder of his Requests (that are the subject of his Motions) was triggered  when he took the deposition of Captain Niewidok on August 8 and August 9, 2009, and, thus, his filing of the Motions

---

[1]  The thirtieth day (August 23) fell on a Sunday.

to Compel on September 8, 2009, was timely.  According to Plaintiff, before this deposition, Defendant had represented in its responses to his discovery requests and in several e-mails exchanged between the parties' counsel that Defendant did not have documents responsive to many of the Requests.  And only through Captain Niewidok's deposition testimony that did it learn that Defendant, in fact, possessed such documents.

"Although the 'occurrence of grounds for the motion' is usually the filing of responses and objections to a discovery request, the fact that [Local Rule 26.1.H.1] employs general language indicates that this is not always the case."  <u>Socas v. Northwestern Mut. Life Ins. Co.</u>, No. 07-20336-Civ, 2008 WL 619322, at *1 (S.D. Fla. Mar. 4, 2008) (Simonton, Mag. J.).  "Moreover even if the time to file a motion to compel discovery is untimely under the Rule, a court may excuse the untimeliness upon a showing of 'reasonable cause.'"  <u>Id.</u>  Here, the Court finds that the Motions were timely filed, as Plaintiff only learned of the grounds therefor on August 8 and August 9, 2009.  Yet, even if the thirty-day period were to be triggered by Plaintiff's receipt of Defendant's discovery responses, the Court would find both that Plaintiff's attempts to negotiate production of the requested documents (through the aforementioned e-mails) and Plaintiff's late discovery (through the captain's deposition testimony) of the requested documents constitute reasonable cause for considering Plaintiff's remaining Requests on the merits.[2]

---

[2] In addition to arguing that Plaintiff violated Local Rule 26.1.H.1, Defendant argues that Plaintiff's failed to confer with opposing counsel <u>in good faith</u> as required by Local Rule 7.1.A.3.  Plaintiff's counsel did confer with opposing counsel through a series of e-mails.  After reviewing these communications, the Court declines to deny Plaintiff's Motions on this basis.  The Court agrees that it would have been more productive for Plaintiff's counsel to have addressed the individual Requests at issue rather than discussing in general the objections raised by Defendant.  The Court, however, does not find that

## MOTION TO COMPEL RE: SECOND REQUEST FOR PRODUCTION

1.      Request 1 seeks "a complete privilege log for any and all documents you contend are privileged."  Defendant acknowledges that it has not produced a privilege log. It, however, states that the only documents it withheld under a claim of privilege are those responsive to Request 5; it now agrees to produce those documents.  Accordingly, the Motion with respect to Request 1 is DENIED.

2.      Request 3 seeks "any and all documents relating to **Miguel Calderon**, including, but not limited to, his medical records, employment records, and documents relating to the accident." (emphasis in original).  Defendant objected to this Request on various grounds, but without waiving its objections, Defendant stated it would make the documents available for inspection and copying at the offices of Defendant's counsel.  In response to the Motion, Defendant states that Plaintiff's counsel has never made arrangements to inspect and copy the documents.  Accordingly, the Motion with respect to Request 3 is DENIED.  This Order, however, does not preclude Plaintiff from now inspecting and copying the documents.

3.      Request 5 seeks "any and all videotapes, sound and/or voice recordings, and photographs of Plaintiff, including, but not limited to, surveillance videos and photos." Defendant objected to the production of these documents on the ground that they are protected by the attorney work product doctrine.  Defendant, however, has now agreed to produce these documents.  Accordingly, the Motion with respect to Request 5 is GRANTED.

――――――――――――――――

Plaintiff's counsel conferred in bad faith.

4

4.      Request 6 seeks "any and all documents and records showing and/or reflecting '**independent medical examination(s)' of Plaintiff – including, but not limited to, the examination conducted by Dr. Sinnreich.**" (emphasis in original).  Defendant represents that it provided Dr. Sinnreich's final report before Plaintiff filed the instant Motion; Plaintiff has not disputed this representation.  Accordingly, the Motion with respect to Request 6 is DENIED as moot.

5.      Request 8 "any and all documents and records relating to your **policies and/or procedures relating to longshoremen and/or stevedores.**" (emphasis in original).  Although Defendant objected to this Request on the grounds that it is vague and calls for the production of confidential and proprietary information, it responded that portions of its QSE Manual may be responsive to the Request.  It agreed to produce those portions subject to a confidentiality agreement.  In response to the Motion, Defendant states that it has now produced the current version of this Manual.  As Plaintiff correctly notes, however, this Request was not limited to Defendant's QSE Manual, and Defendant has not indicated that there are no other responsive documents.  Accordingly, the Motion with respect to Request 8 is GRANTED.  If Defendant has no other responsive documents in its possession, custody, or control, it shall supplement its Response to so state.

6.      Request 9 seeks "any and all documents and records relating in any way to and/or reflecting the **discharge and/or loading of cargo at Port Everglades during the week before, the day of and week after the accident involving Plaintiff that is the subject of this lawsuit.**" (emphasis in original).  Defendant objected to this Request on the ground that it was not reasonably calculated to lead to discovery of admissible

5

evidence as to cargo operations not related to those conducted by Plaintiff on the date of the accident (July 23, 2004).  Without waiving its objections, Defendant identified relevant responsive documents that it had already produced.  In response to the instant Motion, Defendant continues to argue that any records not related to the date of the accident are not relevant.  Plaintiff has not replied to Defendant's relevancy argument either in its Motion or its Reply in support.  Accordingly, the Motion with respect to Request 9 is DENIED.

7.     Request 10 seeks "any and all documents and records relating to and/or reflecting **learned treatises** that you intend to introduce into evidence and/or use for rebuttal or impeachment." (emphasis in original).  Defendant responds that if it or its experts intend to rely upon learned treatises at trial, the treatises will be "disclosed" to Plaintiff.  Defendant indicates that it and its experts have cited all materials that support their pleadings and expert reports.  However, the trial is now set to begin in three weeks. Accordingly, the Motion with respect to Request 10 is GRANTED.  To the extent that Defendant now intends to use learned treatises at trial, it shall produce them to Plaintiff.

8.     Request 13 seeks "any and all documents relating to the **May through October 2009 itineraries of the captain and other officers who served on board the San Felipe at any time while it was traveling to or from Port Everglades for the operations in which Mr. Calderon's accident occurred.**" (emphasis in original). Defendant has already produced the itinerary of the captain.  With respect to the other officers, Defendant responds that it has learned that they are no longer employed by Defendant and, therefore, there are no itineraries to produce.  Accordingly, the Motion with

respect to Request 13 is DENIED.

9.      Request 14 seeks "any and all **witness statements (i.e., statements from one or more persons) relating in any way to Plaintiff's accident, health, state of mind, and/or otherwise relating to him in any way."** (emphasis in original).  In response, Defendant identified certain documents that it had already produced and indicated that no other statements exist.  Accordingly, the Motion with respect to Request 14 is DENIED.

10.      Request 15 seeks production of "any and all documents and records relating to the **San Felipe hatch cover** on which Plaintiff allegedly stood." (emphasis in original). And Request 16 seeks "any and all documents and records relating to the **lashing platform adjacent to the *San Felipe* hatch cover**." (emphasis in original). Defendant objected to these Requests as vague.  The Court, however, does not find them to be vague.  In its Responses, Defendant also identified certain documents, which it had already produced, as responsive to the Requests and indicated that Plaintiff has conducted a survey of the vessel.  Plaintiff argues that "[t]he fact that Defendant has produced a few relevant documents should not allow it to bypass production of all documents within the ambit of this relevant, focused request."  Motion at 15, 16 (DE 118). The Court agrees.  Accordingly, the Motion with respect to Request 15 and Request 16 is GRANTED.  Defendant shall produce <u>all</u> responsive document in its possession, custody, or control that it has not already produced.  If Defendant has no such additional responsive documents, it shall supplement its Responses to so state.

11.      Request 19 seeks "any and all documents and records relating in any way to your policies, methods, and/or procedures relating to the discharge and/or handling of

7

cargo."  Defendant responds that it has produced the current version of its QSE Manual and Container Securing Manual, "which are the manuals containing procedures relating to cargo operations and stowage of containers."  Defendant, however, has not indicated whether these two documents are the only responsive documents.  Accordingly, the Motion with respect to Request 19 is GRANTED.  Defendant shall produce all documents responsive to this Requests.  If Defendant does not have any additional responsive documents, it shall supplement its Response to so state.

12.     In response to Requests 7, 11, 12, 17, and 18, Defendant asserted various objections and without waiving its objections, Defendant stated "none in possession of Defendant."  Rule 34, however, requires production of documents not only in a party's possession, but also in its "custody or control."  This Circuit has defined "control" as the legal right to obtain documents upon demand.  Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984).  Accordingly, the Motion with respect to Requests 7, 11, 12, 17, and 18 is GRANTED to the extent that Defendant has documents responsive to these Requests not only in its possession, but also in its custody or control.  If Defendant does not have any such documents, it shall supplement its Responses to so state.

13.     As Plaintiff has acknowledged that Requests 2, 4, and misnumbered 4 were filed untimely, the Motion with respect to these Requests is DENIED.

## MOTION TO COMPEL RE: THIRD REQUEST FOR PRODUCTION

1.     Request 1 seeks production of "a complete privilege log for any and all documents [Defendant] contend[s] are privileged."  Defendant responds that it only claims the protection of the attorney-client privilege and/or the work product doctrine as to its

communications with counsel or expert/consultants. Local Rule 26.1.G.3(c) requires production of a privilege log for all documents withheld under a claim of privilege or the work product doctrine <u>except</u> for privileged communications "between a party and its counsel after commencement of the action and work product privilege created after the commencement of the action." Pursuant to Local Rule 26.1.G.3(c) no privilege log is required for the documents withheld by Defendant. Accordingly, the Motion with respect to Request 1 is DENIED.

2.     Request 4 seeks "any and all documents and records relating to **your and/or Plaintiff's examination, inspection, study, review, analysis, photographing and/or videography of the area in which the alleged accident occurred – including, but not limited to, photos and videos from the vessel inspection that took place in Guadeloupe**." (emphasis in original). Defendant represents that it has produced all documents responsive to this Request and that depositions have been taken addressing these issues. Accordingly, the Motion with respect to Request 4 is DENIED.

3.     Request 5 seeks "any and all documents and records relating to **your examination, inspection, study, review, and/or analysis of the corner of the hatch cover at or near where Plaintiff was working right before he fell.**" (emphasis in original). Defendant responds that photographs have been produced, as well as its expert witness's report. The Request, however, seeks not only photographs, but also documents and records. Accordingly, the Motion with respect to Request 5 is GRANTED. Defendant, shall produce all non-privileged documents responsive to this Request. If Defendant has no other responsive documents in its possession, custody, or control, it shall supplement

its Response to so state.

4.      Request 6 seeks "any and all documents and records relating to **any and all fall risks and/or hazards on the San Felipe and/or the fleet of ships** owned, operated, managed, controlled, and/or chartered by you." (emphasis in original).  Defendant argues that this Request is overbroad in that it seeks all documents related to any and all hazards about any ship operated by Defendant.  The Court agrees.  The Court, therefore, will limit the Request to documents relating to fall risks aboard the San Felipe.  Accordingly, the Motion with respect to Request 6 is GRANTED in part and DENIED in part.

5.      Request 12 seeks "any and all documents and records relating to **policies and/or procedures for your ship's(s') , crew members', and/or longshoremen's lashing down and/or handling or movement of cargo containers, including, but not limited to, those that relate in any way to area in which Plaintiff was working right before he fell.**" (emphasis in original).  Defendant objected to this Request as vague and as seeking confidential and proprietary information.  Without waiving these objections, Defendant stated portions of its QSE Manual may be responsive and that it would produce the manual subject to a confidentiality agreement.   In its response to the Motion, Defendant states that although Plaintiff has agreed to sign a confidentiality agreement it has not done so.  Defendant agrees to produce its prior version once Plaintiff has signed such agreement.  Defendant additionally states that it has already produced a Container Securing Manual and the current version of the QSE Manual.  The Court does not find this Request to be vague.  In addition, it is unclear whether the QSE Manuals and the Container Securing Manual are the only documents responsive to this Request.  Even

10

though Plaintiff has not yet signed the Confidentiality Agreement, the Court hereby GRANTS Request 12. Defendant shall produce all responsive documents in its possession, custody, and control. It is further ORDERED that **Plaintiff shall keep confidential all documents so marked by Defendant that it produces in response to this Request and Plaintiff shall use such documents for purposes of this litigation only.**

6.    Request 20 seeks "any and all documents and records relating to **your policies and/or procedures concerning the placement and/or use of safety nets on ships that you have ever owned, operated, chartered, and/or used.**" (emphasis in original). And Request 21 seeks "any and all documents and records relating to **your policies and/or procedures concerning the use of safety harnesses by workers (seamen, longshoremen or otherwise) on ships that you have ever owned, operated, chartered, and/or used.**" (emphasis in original). Defendant objected to these Requests as vague, overbroad, unlimited in scope and time, not reasonably calculated to lead to discovery of admissible evidence, and seeking confidential proprietary information. The Court does not find the Requests to be vague or irrelevant; it does agree that these Requests are overbroad. The Court, therefore, will limit Request 20 and 21 to the production of the documents relating to the requested policies and/or procedures in place aboard the San Felipe at the time of the subject accident. Accordingly, the Motion with respect to Request 20 and Request 21 is GRANTED in part and DENIED in part. Defendant shall produce all documents responsive to these Requests as limited by the Court. It is further ORDERED that **Plaintiff shall keep confidential all documents so**

marked by Defendant that it produces in response to this Request and Plaintiff shall use such documents for purposes of this litigation only.

7.    Request 23 seeks "any and all documents relating to the **employment of the captain of the San Felipe as of the date of Plaintiff's accident – including, but not limited to, his complete personnel file.**" (emphasis in original).  Request 24 seeks "any and all documents and records relating to the **employment of the first mate of the San Felipe as of the date of Plaintiff's accident – including, but not limited to, his complete personnel file.**" (emphasis in original).  And Request 25 seeks "any and all documents and records relating to the **employment of the second mate of the San Felipe as of the date of Plaintiff's accident – including, but not limited to, his complete personnel file**." (emphasis in original).  Defendant objected to these Requests as overbroad and not reasonably calculated to lead to the discovery of admissible evidence.  The Court finds that these Requests are overbroad.  Plaintiff argues that these employment records are relevant because they may demonstrate that the captain, and the first and second mates have been reprimanded for not following safety policies on this or on other occasions or because they may reflect their safety training.  However, as worded, these Request would require production of many documents not relevant to the claims and defenses asserted herein.  For example, as worded, the Requests would require production of documents reflecting payment to these individuals and documents relating to medical insurance and medical care.  The Court, therefore, will limit these Requests to safety-related employment documents for these individuals. Accordingly, the Motion with

respect to Requests 23, 24, and 25 is GRANTED in part and DENIED in part.[3]

8.      Request 27 seeks "any and all **reports** – including but not limited to, **voyage reports and Captain's meeting reports –** for the voyages during, immediately before, and immediately after the one in which Plaintiff's accident occurred." (emphasis in original).  Defendant objected to this Request as vague and stated that, without waiving its objection, it is in the process of determining whether such records would have been prepared.  In response, Plaintiff merely argues that the Request is not vague.  However, in his Motion, Plaintiff refers to Captain Niewidok's deposition in which he testified that Defendant maintains annual reports on safety and quality, monthly safety records, and a year-end report.  The Court will require Plaintiff's counsel to confer with Defendant's counsel forthwith and identify for Defendant the reports Plaintiff seeks.  If Defendant has such reports in its possession, custody, or control, it shall produce them to Plaintiff.

9.      Request 28 seeks "any and all **documents, records, and/or statements relating to safety** that were ever sponsored, used, and/or authored by you or on your behalf, and/or printed or distributed to your workers or employers, from 2000 through the present." (emphasis in original).  Defendant objected to this Request as vague, overbroad, unlimited in scope and time, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence of activities related to cargo operations and the incident in question.  Plaintiff argues that the safety policies of Defendant are relevant

---

[3] Defendant states that it no longer employees the first and second mate but that it will produce their licenses and certificates if they are in Defendant's possession. Defendant also represents that it has produced Captain Niewidok's licences and certificates.

because this case involves an accident during the loading of a container ship.  The Court finds that Request 28 is overbroad.  Accordingly, the Motion with respect to Request 28 is GRANTED in part and DENIED in part.   Defendant shall produce the requested documents relating to safety in the loading or unloading of container ships.

10.     Request 30 seeks "any and all documents and records relating to and/or reflecting the **country(ies) of registration and origin (manufacture) of the San Felipe** as of the date of the accident in which Plaintiff was involved." (emphasis in original). Plaintiff argues that this Request is relevant because Defendant contends that the ship is registered in Liberia and that the laws of Liberia do not require safety precautions of the type Plaintiff's expert opines were needed.   Defendant responds that it has already produced documents that identify the vessel's flag state.  Accordingly, the Motion with respect to Request 30 is DENIED.

11.     Request 32 seeks "any and all documents and records **prepared in compliance with the International Safety Management Code, as well as any other policy and procedures manuals**, in effect at the time of the alleged accident described in the Complaint, with respect to the following (A) the index to all the sections and documents; (B) those documents or sections relating in any way to lashing, fall hazards, loading and/or unloading cargo, and/or accident prevention; and (C) those documents or sections relating to the lashing platform and hatch cover at or near where Plaintiff alleges he was standing right before he fell and/or the area onto which he fell." (emphasis in original).  Defendant objected to this Request on the ground that it calls for confidential proprietary information.  Without waiving its objection, Defendant stated that it would

produce its QSE Manual pursuant to a Confidentiality Agreement. Plaintiff responds that this Request seeks more than just the QSE Manual. In response to the Motion, Defendant fails to address Plaintiff's argument. Accordingly, the Motion with respect to Request 32 is GRANTED. It is further ORDERED that **Plaintiff shall keep confidential all documents so marked by Defendant that it produces in response to this Request and Plaintiff shall use such documents for purposes of this litigation only.**

12.     Request 33 seeks "any and all documents and records relating to **safety meetings**, including notes, minutes, outlines, and reports, during the five years prior to the date of the alleged accident, and the two years after it." (emphasis in original). Defendant objected to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Court finds that documents relating to safety minutes are relevant and that Defendant has failed to demonstrate that the Request in unduly burdensome. The Court, however, agrees that this Request is overbroad in both time and scope. The Request, therefore, will be limited to safety meetings relating to the San Felipe for the three-year period preceding the subject accident and the two-year period following the accident. Accordingly, the Motion with respect to Request 33 is GRANTED as limited by the Court.

13.     Request 34 seeks "any and **all ship's logs (including, but not limited to, deck logs, engineering logs, maintenance and repair logs, radio-telephone logs, and logs of the department in which Mr. Arias worked, and related documents)** both 'rough' and 'smooth,' for the voyages during, immediately before, and immediately after the date of the alleged accident." (emphasis in original). Defendant objected to this Request

15

as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving its objections, Defendant identified copies of the deck and engine log for the date of the accident, which documents it had already produced.  Plaintiff argues that the ship's logs may show repairs and reports about the accident.  The Court finds that Request 34 is overbroad.  Accordingly, the Motion with respect to Request 34 is DENIED.

14.     Request 38 seeks "any and all documents showing, to any extent, the **name, address, employer and dates of investigations, of each and every person that investigated the accident** at issue, including but not limited to, attorneys, investigators, photographers, surveyors, and safety officers." (emphasis in original).  Defendant objected to this Request on the ground that it seeks production of documents protected by the attorney-client privilege and/or work product privilege as to investigations performed by Defendant's attorneys and consultants.  Plaintiff argues that Defendant has waived these objections because it has not produced a privilege log.  Defendant responds that the only documents withheld under a claim of privilege related to communications between it and its counsel and/or experts/consultants.  Therefore, under Local Rule 26.1.G.3(c), no privilege log is required.  The Court agrees.  Accordingly, the Motion with respect to Request 38 is DENIED to the extent it seeks privileged documents.  However, if Defendant has in its possession, custody, or control, other responsive, non-privileged documents, it shall produce them to Plaintiff.

15.     Request 43 seeks "any and all documents showing, reflecting, and/or related in any way to your **guidelines, policies, and/or procedures for hiring, firing, and/or**

16

**disciplining employees.**" (emphasis in original).  Defendant objected to this Request as vague, overbroad, unduly burdensome, unlimited in scope and time, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff argues that the Request is relevant because no evidence exists that the seaman who allegedly failed to prevent the accident was reprimanded and because the documents may demonstrate safety training and the expected qualification of the crew members who failed to safeguard against the accident.  Although the Court finds that some documents sought may be relevant, it further finds that this Request is overbroad.  The Court, therefore, will limit the Request to documents reflecting disciplining employees for safety violations.  Accordingly, the Motion with respect to Request 43 is GRANTED as limited by the Court.

16.     Request 44 seeks "any and all documents showing, reflecting, and/or related to **statements by, and/or communications between and/or among any or all of the following persons relating to the accident at issue: you, the shipper, your agents, the carrier, the charterer, the subcharterer, and/or any of their insurers, agents, parent companies, and/or companies providing assistance in any way to the San Felipe or its agents at Port Everglades, Florida.**"  (emphasis in original).  Defendant objected to this Request on various grounds, including that it is overbroad and unlimited in scope and time.  Plaintiff responds that the Request "focuses upon the ship at issue while it was in port when the accident occurred."  According to Plaintiffs, the persons and entities identified in the Request were the "central players" in loading and unloading the vessel at the time the accident occurred.  A close reading of this Request shows that it seeks documents reflecting communications between Defendants and others relating to

17

the accident at issue.  The Court finds that this Request is not overbroad.  Accordingly, the Motion with respect to Request 44 is GRANTED, except to the extent that it requests privileged documents.

17.     Request 48 seeks "any and all documents relating in any way to any **accident, death and/or injury to a person which took place on any ship other than the San Felipe** which was owned, operated, managed, controlled, and/or chartered by you within five years before the date of the alleged accident in which Plaintiff was involved." (emphasis in original).  Defendant objected to this Request on various grounds, including overbreadth.  The Court agrees that it is overbroad.  Accordingly, the Motion with respect to Request 48 is DENIED.

18.     Requests 2, 3, 13, 37, 40, 42, and 47 seeks various documents.  Defendant responded to these Requests by identifying certain documents.[4]   It is unclear from Defendant's responses, however, whether it has produced all responsive documents. Accordingly, the Motion with respects to Requests 2, 3, 13, 37, 40, 42, and 47 is GRANTED.  If Defendant does not have any additional responsive documents in its possession, custody, or control, it shall supplement its responses to so state.

19.     Requests 7, 8, 10, 18, 19, and 31 seek various documents.  Defendant responded to these Requests by stating "none" or "none in the possession of Defendant."[5] Rule 34, however, requires production of documents not only in a party's possession, but

_____

[4]  Defendant also objected to some of these Requests.  The Court has considered these objections and finds that they are not well-taken.

[5]  Defendant also objected to some of these Requests.  The Court has considered these objections and finds that they are not well-taken.

also in its "custody or control."  <u>Searock v. Stripling</u>, 736 F.2d 650, 653 (11th Cir. 1984).

Accordingly, the Motion with respect to Requests 7, 8, 10, 18, 19, and 31 is GRANTED to

the extent that Defendant has documents responsive to these Requests not only in its

possession, but also in its custody or control.  If Defendant does not have any such

documents, it shall supplement its Responses to so state.

20.     As Plaintiff has acknowledged that the filing of Requests 9, 11, 14, 15, 16,

17, 22, 26, 29, 35, 36, 39, 41, 45, and 46 was untimely, the Motion with respect to these

Requests is DENIED.

Defendant shall produce all documents required by this Order on or before October

13, 2009.

DONE AND ORDERED in Fort Lauderdale, Florida, the 5th day of October 2009.

BARRY S. SELTZER
United States Magistrate Judge